## A. J. Taylor v. T. A. McCumber.

1. INSTRUCTIONS—*Where the Court Might Have Directed the Verdict that Was Returned.*—Where the court might have directed the verdict that was returned, errors of instructions will not reverse.

Replevin.—Appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

GRANT & GRANT and FRED H. SNYDER, attorneys for appellant.

W. S. JEWELL, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a suit in replevin for a cash register, instituted before a justice of the peace by appellant against appellee and Albert Harper. The cause was taken to the city court by appeal, and there dismissed as to the defendant Harper. There was a trial by jury resulting in a verdict for the

defendant. The court overruled appellant's motion for a new trial and gave judgment upon the verdict against appellant, which he seeks to reverse by appeal to this court. The errors argued in this court, by which the reversal of the judgment is sought, consist of wrong instructions to the jury.

There is no conflict of evidence except as to the price of the cash register and the payment thereof. Appellant testified that he first loaned the register, and then sold it, to McCumber, for $100, and that the latter had paid no part of the purchase price. McCumber testified that he purchased the register of appellant for seventy-five dollars and paid him the cash for it at the time of the purchase. McCumber was corroborated by two other witnesses, who also testified to the sale by appellant of the register to appellee for seventy-five dollars and that the money was paid and accepted. There then was no dispute concerning the material facts in the issue. The dispute relative to the amount of the price and its payment was not material as affecting the ownership of the property or the right to its possession. The sale to McCumber was absolute, no reservation of any kind having been made, and the possession remained with him. However, if the amount of the price and its payment had been material the great weight of the evidence was with appellee, and a verdict against him upon such issue could not be sustained. The verdict was therefore right, upon the evidence in the case. No other verdict could have been sustained. The court might well have directed the verdict that was returned, and where this is true it has often been held that errors of instructions will not reverse. The instructions in the case of which complaint has been made, can not be maintained. They were erroneous for many reasons, but for the reason we have already assigned they did appellant no harm, and it would be a task of supererogation for us to point out the many vices and infirmities contained in them.

Finding no reversible error the judgment of the trial court will be affirmed.